## BROWN *v.* McCARLEY.

1. Where one institutes a habeas-corpus proceeding, and the defendant answers but prays for no affirmative relief, the dismissal of the petition by the plaintiff disposes of the whole case; and a plea of res adjudicata to a subsequent habeas-corpus proceeding by the same plaintiff, based on the former suit, is not sustainable.

2. None of the rulings require a reversal of the judgment.

No. 436. DECEMBER 15, 1917. REHEARING DENIED JANUARY 18, 1918.

Habeas corpus. Before Judge Harwell. City court of LaGrange. May 17, 1917.

*M. H. Morris* and *Arthur Greer,* for plaintiff in error.

*M. U. Mooty, Judson Andrews,* and *R. J. Hooten,* contra.

GILBERT, J. 1. McCarley instituted habeas-corpus proceedings in the city court of LaGrange, to obtain the custody of his grandchild, Evelyn Brown, a minor child of the plaintiff in error, based upon a judgment of a court of competent jurisdiction in the State of Alabama, awarding the child to him; and supported the allegations of the petition by ample evidence. Brown denied the petitioner's allegations; and also filed a plea of res adjudicata, based on allegations that the ordinary of Troup county, "sitting as a habeas-corpus court, . . had heard and determined the

issue in this case," and had awarded the child to him. The docu-mentary evidence offered by Brown in support of his special plea showed that McCarley had filed habeas-corpus proceedings previously before the said ordinary, to obtain the custody of the child, Brown having brought her to Troup county, Georgia, from Alabama; Brown filing an answer thereto wherein he prayed "that the said child be left in his custody." McCarley dismissed this suit, the ordinary passing a formal order to that effect. Nevertheless the ordinary thereafter heard evidence introduced by Brown, and passed an order which purported to award the child to Brown. The judge of the city court properly overruled the plea of res adjudicata. The response of Brown before the ordinary did not pray for any affirmative relief. The child was already in the possession of Brown at the time, and his allegations and prayer were a mere negation of the plaintiff's petition. Therefore, when McCarley dismissed his petition before the ordinary, the whole case went out of court, and the proceedings thereafter amounted to a nullity.

2. In view of the pleadings and evidence, none of the rulings complained of require a reversal of the judgment in the city court of LaGrange, awarding the child to McCarley.

*Judgment affirmed. All the Justices concur.*