In the matter of the application of MR. CHARLES N. WELSH for a writ of *habeas corpus* for his infant children, Charles N. Welsh, Jr., and Albert R. G. Welsh.

[Submitted December 6th, 1921. Decided January 12th, 1922.]

1. Allowance of counsel fees rests solely on the statutes, except where trust funds in the control of the court are being administered.

2. On a voluntary nonsuit by a plaintiff, a court of equity cannot allow counsel fees to a defendant either under the ninety-first section of the Chancery act or under *P. L. 1915 p. 185 § 6.*

3. Notwithstanding the general rule that a complainant may dismiss at pleasure before trial on payment of costs. a petitioner for *habeas corpus* to determine the right to custody of infant children, who are the wards of the court. cannot dismiss his petition and thereby prevent the court from judicially settling the rights to custody.

4. Where a father had invoked the court's jurisdiction to determine the right to the custody of minor children by petition for *habeas corpus*, to which the mother had filed an answer asserting her right to the children and praying for their custody. no cross-petition by the wife was necessary to prevent the husband from voluntarily dismissing his petition.

5. Where a petitioner for *habeas corpus* to recover custody of his children, who were within this state, was a non-resident, so that he could not be subjected to the jurisdiction of this court in a proceeding to determine the custody of the children, and no decree determining such custody would be conclusive on him outside of the jurisdiction, he will not be permitted, after having submitted to the jurisdiction, to dismiss his petition, and thereby prevent the court from rendering a decree which will be *res adjudicata* everywhere.

6. As a general principle a complainant will not be permitted to dismiss his bill after the defendant has gained an advantage in the progress of the cause which would be prejudiced by a dismissal.

On motion for leave to dismiss petition.

*Messrs. Pitney, Hardin & Skinner* (*Mr. Shelton Pitney*), for the petitioner.

*Mr. John E. Newman* and *Messrs. Treacy & Milton* (*Mr. John Milton*), for the respondent.

BACKES, V. C.

This is a strife between divorced parents for the custody of their two children. The decree of divorce, granted by the Court of Common Pleas of Philadelphia, Pennsylvania, makes no disposition of the children. They now reside at Lakewood, in this state, with their mother. The father, a resident of Chestnut Hill, Pennsylvania, petitioned this court to award their custody to him. The mother, in her answer to the petition, alleges that he is an unfit person to have them, specifically setting forth the grounds for the allegation, and prays that they be awarded to her. The charge of unfitness is traversed and the cause was set down for hearing. Before the hearing day the petitioner moved to dismiss his petition, as a matter of course, upon the payment of costs. This was denied him, and he was directed to give notice of the motion. At the hearing the respondent objected to the dismissal, insisting that it is her right to have the issue determined, and, at all events, that the dismissal should be on payment of costs, including a counsel fee. The counsel fee was resisted on the ground that the court was without power to allow it, the argument being that counsel fees, like costs, are creatures

of statutes, and that there is no statutory provision for counsel fees upon a voluntary dismissal before trial. Allowance of counsel fee rests solely on the statutes, except where trust funds in the control of the court are being administered. *In re Queen*, *82 N. J. Eq. 588; Sparks v. Ross, 82 N. J. Eq. 121; Lawyers Title and Trust Co. v. Comptroller, 85 N. J. Eq. 481.* Section 91 of the Chancery act (*Comp. Stat. p. 445; P. L. 1910 p. 427*) provides that "in any case, matter or proceeding in the court of chancery, the chancellor may make such allowances by way of counsel fee to the party or parties *obtaining* the order or decree as shall seem to him to be reasonable and proper." Chapter 116 of the session laws of 1915, page 185, section 6, enacts that "the court upon making any order or decree, may charge *the successful party* with costs or a reasonable counsel fee, or both, in any case in which the court shall deem it just to do so." This is the only legislation covering the allowance of counsel fees in chancery. Now, it is obvious that if the motion were granted the respondent would not be "the party or parties obtaining the order or decree," and, on the other hand, the petitioner would not be "the successful party" in the case, for he has quit. It would appear that the two enactments above noted aimed to give the court power to grant counsel fees in all instances, in its discretion, and if this was the legislative scheme then, plainly, there is an hiatus, and counsel fees on a voluntary dismissal fall within the gap. The language of each of the enabling acts is so explicit and inclusive that bridging the gap by judicial construction is not permissible. But the matter of counsel fees is of secondary consideration. The main question is whether the petitioner is entitled to dismiss his petition. Ordinarily, a complainant has control over his cause and may dismiss at pleasure before trial on payment of costs. But this general and well-established rule has no place in a proceeding such as the present, wherein the chancellor, as *parens patria*, is appealed to to decide, as between parents, to which of them should be awarded the permanent custody of their children—wards of the court, brought under his jurisdiction by the petition and the writ of *habeas corpus;* a proceeding to obtain a judicial declaration fixing their status as regards their permanent custody, and settling the rights of the

parents with respect to such custody, upon the issues raised by the pleadings—a legal drama or, rather, tragedy, in which the parents, both alike, are actors. The respondent filed no cross-petition and, I take it, none is necessary to protect and preserve the cause against a voluntary dismissal. Her answer, asserting her claim to the children and praying for their custody, gives her the right to have her claim adjudicated, and of this she cannot be deprived by the petitioner's withdrawal from the contest. He may refuse to prosecute, and he may decline to further resist her claim to the children, but he is not in a position to bring the litigation to an end by a dismissal of his petition. The case, in a sense, takes on the aspect of an interpleader suit.

There is also this reason why the petitioner should not be allowed to dismiss his petition. He is a non-resident. The court now has jurisdiction of the subject-matter and over the petitioner by his voluntary submission. The respondent ought not to be deprived of this advantage, and the benefit of a decree (if the children are ultimately awarded to her) of indisputable integrity and force, and that will spell *res adjudicata* in every tribunal, at home or abroad, wherever presented. If the petitioner is permitted to escape the jurisdiction by dismissing his petition, and the respondent is put to her petition to have her right to the custody of her children judicially established, he could not again be brought into court. There is no provision in the statute for substituted service of process in cases of this nature. The provision of the Chancery act (*Comp. Stat. p. 414*) applies solely to service upon absent defendants to bills and is not available. Service by notice might perhaps estop him from later attacking the adjudication in this state, but the decree would have no extra-territorial effect. The advantage gained by the respondent, by the petitioner's voluntary submission to the jurisdiction of the court, and the prejudice her cause would suffer if he were released, precludes the right to dismiss and withdraw.

Authority for the rule that a suitor controls his cause and may dismiss upon the payment of costs may be found in the text-books on "Practice" and in any of the current digests. The exceptions to the rule are also noted. Vice-Chancellor Pitney, in *McCarren v. Coogan, 50 N. J. Eq. 268, 611*, discussed the excep-

tions and cited the authorities. I have found no case dealing with the precise point in circumstances like the present, but the principle that runs through the cases upon which the exceptions to the rule are based—that when the defendant has gained an advantage in the (progress of the) cause which would be prejudiced by a dismissal, the rule is not applicable—supports the respondent's objection to the motion to dismiss. The motion will be denied.

The cause may be brought on for hearing on giving the usual notice.