## COLLARD v. McCORMICK.

1. Where a petition for habeas corpus to determine the right to custody of a minor child is presented to the judge of a city court, and the judge issues a writ of habeas corpus and acquires jurisdiction over the child, a written entry made thereafter by the attorney for the petitioner upon the petition: "Now comes the plaintiff in within case and hereby dismisses the same," and lodged with the clerk of the city court but not consented to by the judge, is ineffectual as a dismissal of the proceed-

Dismissal and Nonsuit, 18 C. J. p. 1149, n. 70, 71; p. 1150, n. 72.
Habeas Corpus, 29 C. J. p. 112, n. 47; p. 154, n. 63.

ing, and does not deprive the judge of jurisdiction to proceed with the hearing as provided by law.

2. Where there has been an attempt to dismiss a habeas corpus proceeding as indicated in the preceding note, and the judge, disregarding the attempted dismissal, proceeds with the hearing and awards custody of the child to the respondent, such judgment may be set up in bar to another habeas corpus proceeding between the same parties for custody of the child, based on the same facts.

No. 5168. APRIL 13, 1926.

Habeas corpus. Before Judge Yeomans. Terrell superior court. November 6, 1925.

*H. A. Wilkinson,* for plaintiff. *M. C. Edwards,* for defendant.

ATKINSON, J. A father instituted habeas corpus proceedings before the judge of the city court of Dawson in Terrell County, Georgia, against a mother, for custody of their minor child, a girl eight years of age. The petition as amended alleged that in a decree of divorce between the father and mother, rendered in a court of Indiana in a suit for divorce instituted by the mother against the father, the custody of the child was awarded to the mother subject to specified restrictions; that subsequently there were several modifications of the decree, and shortly before institution of the habeas corpus proceedings the decree was so modified as to give the father the right to the custody of the child. The father's right to custody of the child, alleged in the petition as amended, was on the basis of the decree as thus modified. At the time of presenting the petition the petitioner presented an affidavit in which it was stated that he apprehended that the child would be carried by the respondent beyond the limits of the county, or that it would be concealed from the officers. On the basis of this affidavit the judge issued a precept and through a proper officer took the child in custody and kept it under guard in the home of the respondent. The respondent made answer in which she denied the petitioner's right to the child, alleged her right to its custody in virtue of the decree, and disclaimed all knowledge of any modification of the decree. The answer also alleged that the petitioner was a non-resident and without any fixed place of abode, and was not in a position to care for the child, nor was he a fit person to have custody of it; that respondent was able to care for the child, and that it was for the best interest of the child that it remain in her custody. The answer contained a prayer that "said child shall be retained in her [respondent's]

possession and custody." After the date of the answer and before the hearing, the petitioner's attorney made and signed the following entry on the back of the petition, and deposited it in the office of the clerk of the city court: "Now comes the plaintiff in within case and hereby dismisses the same." At the time appointed by a previous order for the hearing the judge, having been informed of the above entry, proceeded nevertheless with the hearing, the petitioner's attorney not participating. After hearing evidence offered by the respondent the judge of the city court rendered the following judgment: "The within hearing coming on regularly at this hour set upon the above-stated petition seeking the custody and control of [the child], and it appearing to the court that said petition originally filed had carried an affidavit demanding the arrest of said child, and whereas said child was arrested and has since been in the custody of the court, through its special officer; . . whereas the plaintiff failed to appear and prosecute his suit, the court required the defendant to make showing that she was the proper custodian of said child, and whereas the defendant produced satisfactory evidence that she had been awarded the custody of said child four years prior to this date by decree of divorce, and whereas she has shown that she is competent, capable, and qualified to care for said child; it is ordered, adjudged, and decreed that said [child] be and is hereby awarded to said [respondent], and she is to have absolute control over said child until further orders of this court. Let all parties at interest take notice of this judgment. It is ordered that the costs of these proceedings be paid by the plaintiff, and that judgment be so entered." Between the times at which the attorney entered the order of dismissal and the judge rendered the judgment the petitioner filed a petition for habeas corpus, addressed to the judge of the superior court, and proceeded substantially as he had theretofore proceeded before the judge of the city court. At the trial of the proceedings in the superior court the respondent pleaded the above-quoted judgment rendered by the judge of the city court, as a bar to the right of the petitioner to proceed further with the case. The judge of the superior court heard the case on this issue and the record and the proceedings before the judge of the city court, and other evidence was introduced which tended to show all that is stated above. . The judge of the superior court sustained

the plea of res adjudicata and dismissed the petition for habeas corpus. The petitioner excepted, and the assignment of error on that judgment presents the question for decision under the bill of exceptions.

1. One question for decision is, did the entry upon the petition by the petitioner's attorney amount to a dismissal of the proceeding before the judge of the city court? The procedure applicable to habeas corpus is contained in the Penal Code (1910), §§ 1290 to 1316, inclusive. The proceeding is summary. It is commenced by a petition addressed to a judge of the superior court or a judge of a city court or to the ordinary of a county, as provided in the Penal Code (1910), § 1293. If upon examination of the petition it shall appear to the judge that the restraint of liberty is illegal, he shall grant the writ of habeas corpus requiring the person restraining the liberty of another or illegally detaining another in his custody to bring such person before him at a time and place to be specified in the writ, for the purpose of an examination into the cause of the detention. If the respondent's return denies any of the material facts stated in the petition or alleges others upon which issue is taken, the judge hearing the return may in a summary manner hear testimony as to the issue, and to that end may compel the attendance of witnesses, the production of papers, or may adjourn the examination of the question, or exercise any other power of a court which the principles of justice may require. After hearing the case the judge will discharge or remand the prisoner accordingly as it may appear that the restraint or detention of the person was illegal or legal, and the judge may in his discretion award the costs of the proceedings against either party, and may order execution to issue therefor by the clerk. It is provided in the Penal Code (1910), § 1313: "The proceedings in all cases of habeas corpus shall be returned to the clerk of the superior court of the county whose judge may have heard the same, or court of ordinary, if heard by the ordinary, and shall be by such officer recorded as in other cases, for which he shall receive the like fees as in other cases recorded by him." Manifestly this section contemplates filing the papers in the proceedings with the clerk of the superior court after the hearing by the judge. There is no statutory provision requiring the petition to be filed with the clerk of the superior court before the hear-

ing, or entering the proceeding on the docket of the superior court, or for making the proceeding returnable to any term of the superior court. On the contrary it is returnable before the judge issuing the writ at any time within twenty days, at a time and place that shall be specified in the writ. If it happens that the petition is presented to the judge of a city court, it is incumbent upon the judge after hearing the cause to return the proceedings to the clerk of the superior court. There is no statutory provision for returning them to the clerk of the city court, or for the clerk of the city court to have any official connection whatever with the matter. So it appears that the judge acts as a special court when acting in a habeas corpus proceeding, and that all of the powers of the habeas corpus court devolve upon the judge.

What has been said has reference to habeas corpus proceedings generally for relief of a person who has been illegally detained or restrained of his liberty. It is provided by statute, however: "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise its discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." Penal Code (1910), § 1307; Civil Code (1910), § 2972. No different procedure is provided for obtaining a trial of the writ of habeas corpus under this section of the code from the provisions hereinabove referred to, but it is contemplated that the writ shall issue and be tried under this section as provided in the sections relating to habeas corpus generally. In *Robertson* v. *Heath,* 132 *Ga.* 310, 313 (64 S. E. 73), it was said: "The writ [of habeas corpus] is also used as a means of determining the custody of minor children. . . The proceeding is summary in its nature. It is a judicial proceeding, and to be conducted in an orderly manner as such. But it is not exactly a lawsuit in the ordinary sense of the term. *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 309 (43 S. E. 780, 61 L. R. A. 739)." In a divorce case it was said, in Barnes *v.* Barnes, 95 Cal. 171 (30 Pac. 298, 16 L. R. A. 660): "After the filing of the complaint in this action, and before any appearance on the part of defendant, the attorney for plaintiff filed with the clerk of the superior court a paper properly entitled in the cause, and stating, 'The above-entitled action is hereby dismissed,' but no judgment of dismissal

was entered. It is claimed by appellant that upon the filing of this paper the court lost jurisdiction of the action, and that jurisdiction was not restored by the subsequent appearance and answer of defendant. This objection to the jurisdiction of the court was made in various forms in the court below, and overruled. The court did not err in its rulings upon this point. The filing of the paper referred to was in effect an order for a dismissal of the action, and would have been sufficient authority for the clerk to have entered a judgment of dismissal, but until the entry of such judgment the court retained jurisdiction of the case." In Allen *v.* Allen, 188 Mich. 532 (155 N. W. 488), a divorce case, the complainant's counsel filed a dismissal of the cause, but without leave of court. It was held that the court was not deprived of jurisdiction. In the opinion it was said: "It has generally been held in chancery proceedings that a complainant could not dismiss his case without the aid of the court. 6 Enc. Pleading & Practice, p. 871; 7 Standard Enc. of Practice, 654; 14 Cyc. p. 395; 9 R. C. L. p. 197. And until the entry of judgment of dismissal the court has jurisdiction of the case. 9 R. C. L. p. 207; Barnes *v.* Barnes, 95 Cal. 171 (30 Pac. 298, 16 L. R. A. 660). The public may have an interest in divorce proceedings. Coon *v.* Coon, 163 Mich. 644 (129 N. W. 12). Therefore in such cases the rule should be strictly followed." The foregoing decisions have reference to procedure in chancery in the matter of divorce. The same principle was applied in Long *v.* Anderson, 48 Fla. 279 (4) (37 So. 216, 5 Ann. Cas. 846). A note in 5 Ann. Cas. cites a number of cases in which the principle was applied. In 9 R. C. L. 197, § 11, it is said: "Though it is a rule that a plaintiff in common-law causes has a right to dismiss or discontinue his suit, if he proceed to this end in apt and proper time, yet it should be understood that this right is in general exercisable only in conformity with the proper practice; that is, that though it may be a matter of right, nevertheless an order of court should be duly entered. A distinction has been drawn between a case tried before a jury and one tried without a jury, it being considered in the latter case that after the trial has begun and the evidence is closed, but before the case is finally submitted to the court for decision, the plaintiff has no right to discontinue his suit without permission of the court." The case of In re

Welsh, 93 N. J. Eq. 303 (116 Atl. 23), cited in 29 C. J. 154, §
170, note 63, referred to habeas corpus procedure employed to
determine custody of a child. The complainant did not insist
that he could dismiss his petition without the sanction of the
judge, but applied for an order of dismissal, which was refused on
the ground that because of the peculiar character of the proceed-
ing he was not entitled to an order of dismissal. In the course of
the opinion it was said, in part: "Ordinarily, a complainant has
control over his cause and may dismiss at pleasure before trial on
payment of costs. But this general and well-established rule has
no place in a proceeding such as the present, wherein the chan-
cellor, as parens patriæ, is appealed to to decide, as between parents,
to which of them should be awarded the permanent custody of
their children—wards of the court, brought under his jurisdiction
by the petition and the writ of habeas corpus; a proceeding to
obtain a judicial declaration fixing their status as regards their
permanent custody, and settling the rights of the parents with
respect to such custody, upon the issues raised by the pleadings.
.  . The respondent filed no cross-petition, and, I take it, none is
necessary to protect and preserve the cause against a voluntary
dismissal. Her answer, asserting her claim to the children and
praying for their custody, gives her the right to have her claim
adjudicated; and of this she can not be deprived by the peti-
tioner's withdrawal from the contest. He may refuse to prosecute,
and he may decline to further resist her claim to the children, but
he is not in a position to bring the litigation to an end by a dis-
missal of his petition.  .  . There is also this reason why the
petitioner should not be allowed to dismiss his petition. He is a
non-resident. The court now has jurisdiction of the subject-
matter and over the petitioner by his voluntary submission. The
respondent ought not to be deprived of this advantage, and the
benefit of a decree (if the children are ultimately awarded to her)
of indisputable integrity and force.  .  . If the petitioner is
permitted to escape the jurisdiction by dismissing his petition,
and the respondent is put to her petition to have her right to the
custody of her children judicially established, he could not again
be brought into court.  .  . The advantage gained by the re-
spondent, by the petitioner's voluntary submission to the juris-
diction of the court, and the prejudice her cause would suffer if

he were released, precludes the right to dismiss and withdraw. Authority for the rule that a suitor controls his cause and may dismiss upon the payment of costs may be found in the text-books on 'Practice' and in any of the current digests. The exceptions to the rule are also noted. . . I have found no case dealing with the precise point in circumstances like the present, but the principle that runs through the cases upon which the exceptions to the rule are based—that when the defendant has gained an advantage in the (progress of the) cause which would be prejudiced by a dismissal, the rule is not applicable—supports the respondent's objection to the motion to dismiss." The principles announced in the foregoing excerpt accord with provisions of the Civil Code of this State, which declare: "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, and, if done in term time, the clerk or justice shall enter such dismissal on the docket." Civil Code (1910), § 5627. "A petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. If claims by way of set-off or otherwise have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding." § 5548. These sections of the code state a general rule by which a plaintiff may dismiss his action, and exceptions to the general rule. The reasoning employed in re Welsh, supra, would bring the case within the exception rather than within the general rule. In habeas corpus generally a person whose restraint or detention is charged to be illegal has an undoubted interest to be protected and a right to have the legality of his restraint or detention passed on by the court; so also is the right of the person detained where the remedy is employed as a means of determining the custody of a minor child. In the latter instance the petitioner and respondent may both have interests to protect, but in protecting the interests of the petitioner and respondent the court must have regard also for the interest of the child, and to that end may award its custody to a third person in a proper case. Considering the nature of a habeas corpus court in this State, and the procedure therein as embodied in the above-mentioned provisions of the Penal Code and the statutes in regard to the employment of that procedure to determine the cus-

tody of a minor child, a petitioner in a habeas corpus proceeding for the purpose just named has no right to deprive the court of jurisdiction, after jurisdiction has once attached, by a voluntary dismissal; and where a petition for habeas corpus to determine the right to custody of a minor child is presented to the judge of a city court, and the judge issues a writ of habeas corpus and acquires jurisdiction over the child, a written entry made thereafter by the attorney for the petitioner upon the petition: "Now comes the plaintiff in within case and hereby dismisses the same," and lodged with the clerk of the city court, but not expressly consented to by the judge, is ineffectual as a dismissal of the proceeding and does not deprive the judge of jurisdiction to proceed with the hearing as provided by law. The case of. *Kiser Co.* v. *Bonnett,* 157 *Ga.* 555 (122 S. E. 338), related to right of a creditor to intervene in a chancery proceeding for injunction and receiver, after the plaintiff and defendant had settled their differences and the plaintiff had voluntarily dismissed his petition in vacation; the case being different from a habeas corpus proceeding as referred to above. In that case, after quoting the Civil Code (1910), § 5627, it was stated that that provision of the code was taken from the act of 1843, and section 1 of the act was quoted, as follows: "Whereas inconvenience and delay frequently occur by reason that parties plaintiff who commenced suits in the superior or inferior and other courts of this State can not dismiss their actions except at the regular terms of said courts, be it therefore enacted, . . that from and after the passage of this act parties in the superior or inferior and other courts of this State be and they are hereby authorized to dismiss their actions during the vacation of said courts, on the same terms they are now authorized to dismiss actions at the regular terms of said courts. Provided, that such dismissal shall be first entered on the docket by the clerk of the court in which said suit may be pending, during the vacation of said court." It was then said in the opinion: "Obviously it was not intended that any plaintiff who desired to dismiss an action in the superior court would be required to obtain an order from the judge of the superior court before voluntarily withdrawing, of his own motion, a case in which such plaintiff had the paramount interest. It will be remembered that at that time the judicial circuits of this State, unlike those of the

present era, covered many counties, and means of communication were very few. It will be noted that the privilege accorded the plaintiff of dismissing in vacation existed only as to 'his' action; and as dismissal entailed upon the plaintiff the payment of the costs, there was then, and is now, but little reason why this right should not be accorded to every plaintiff in every case as given by the act of 1843. We do not think, therefore, that in case of a dismissal in vacation there is any necessity that the judge should be advised in advance." This language does not imply that an order of dismissal by the plaintiff in term time would be sufficient without sanction of the judge. The reasoning could not be applied to a proceeding in a habeas corpus court, where there is no provision for "vacation" or "term" or for the entry of the case on the dockets of the court. The case of *Brown* v. *McCarley,* 147 *Ga.* 501 (94 S. E. 768), was a habeas corpus proceeding similar to that involved in the case under consideration, except that the proceeding was before the ordinary of the county instead of before the judge of the city court. In that case the petitioner did not attempt to deprive the court of jurisdiction by a mere entry of dismissal on the petition, but made a formal motion before the ordinary to dismiss the case, and an order was granted dismissing it. The case is thus distinguishable from the case under consideration.

2. The city-court judge having jurisdiction of the parties and the subject-matter, his judgment awarding the custody of the child to the respondent was conclusive between the petitioner and the respondent until there should be a change in the circumstances that would authorize further proceedings by the court. This being so, the judge of the superior court, on the trial of the petition for habeas corpus presented to him upon the same state of facts, did not err in sustaining the plea of the respondent setting up the judgment rendered by the judge of the city court in bar, and in dismissing the petition for habeas corpus. *Porter* v. *McCalley,* 146 *Ga.* 594 (91 S. E. 775, 93 S. E. 405); 15 R. C. L. 871, § 348, note 20 et seq.

*Judgment affirmed. All the Justices concur.*