768

## STOUT *v.* PATE.

HAWKINS, Justice. 1. The trial court, in the judgment here complained of, did not pass upon the plaintiff's general demurrer to the response of the defendant, and for this reason that question cannot be considered by this court. *Rogers* v. *Taintor,* 199 *Ga.* 192 (2), 196 (33 S. E. 2d, 708); *Jackson Banking Co.* v. *Gaston,* 149 *Ga.* 31 (1) (99 S. E. 30).

2. Where, as in this case, a petition for habeas corpus, to determine the right to the custody of minor children, is presented to a judge having jurisdiction thereof, and the judge issues a writ of habeas corpus and acquires jurisdiction of the petitioner and the children, the judge, as parens patriae, cannot be deprived of jurisdiction to decide, as between the parties, the question as to which of them should be awarded the permanent custody of their children—wards of the court brought under its jurisdiction by the petition and the writ of habeas corpus—by a written entry of dismissal made by the attorney for the petitioner upon the petition. This is particularly true, where, as here, the petitioner is a non-resident of the State who has thus voluntarily submitted to the jurisdiction of the court, and thus seeks to escape the jurisdiction and deprive the respondent of this advantage. *Collard* v. *McCormick,* 162 *Ga.* 116 (132 S. E. 757); 39 C. J. S. 650, § 86.

3. The trial court did not err in overruling the petitioner's plea to the jurisdiction and motion to strike the motion of the defendant to vacate the entry of dismissal, entered on the petition without leave of the court by the attorney of the petitioner before the filing of the respondent's answer, where the attorneys for the parties had agreed, pending negotiations for a settlement, "that an answer need not be filed to said petition for habeas corpus until the day of the hearing whenever had, as both parties were aware that said answer, if and when filed, of necessity had to contain uncomplimentary statements regarding petitioner," and in dissolving a restraining order previously granted respecting the taking of depositions of certain witnesses in the pending proceeding.

*Judgment affirmed. All the Justices concur.*

No. 17724. ARGUED JANUARY 17, 1952—DECIDED FEBRUARY 13, 1952— REHEARING DENIED MARCH 13, 1952.

*Miller & Head,* for plaintiff.

*Clarke & Anderson,* and *Andrews, Nall & Sterne,* for defendant.