209 Ga. 547 (1953)
74 S.E.2d 660
NORTHEAST GEORGIA ARTIFICIAL BREEDERS ASSOCIATION INC.
v.
BROWN.
18056.
Supreme Court of Georgia.
Argued January 12, 1953.
Decided February 9, 1953.
Rehearing Denied February 25, 1953.
A. S. Skelton, Carey Skelton, Clete D. Johnson, Linton S. Johnson and B. D. Murphy, for plaintiff in error.
George L. Goode and Carter Goode, contra.
HAWKINS, Justice.
1. Under the provisions of Code (Ann. Supp.), § 22-1881, that "A corporation not organized for pecuniary gain or profit and without capital stock, shall be incorporated under the 1938 Act, the same as a business corporation," and the Corporation Act of 1938 as amended (Code, Ann. Supp., § 22-1828(g)) that a corporation organized under that act shall have authority "To exercise any and all powers stipulated in its charter not contrary to the Constitution and laws of the United States and of the State of Georgia," the charter of the Northeast Georgia Artificial Breeders Association Inc., organized in accordance with the "Cooperative Marketing Act" as amended (Code, Ann., § 65-201 et seq.), authorizing it to engage in artificial breeding of livestock, is not void and of no effect, and the corporation was not without authority to engage in such business, or to employ and contract with agents to carry on the business of artificially inseminating cattle, since its charter expressly conferred upon it the power to do so.
2. The restrictive covenant of the contract entered into between the corporation and its employee, whereby the latter agreed that, "While employed under this agreement, and any extension or renewal thereof, and for a period of two years after the termination of such employment, the Technician shall not, either on his own account, or as an employee, agent, salesman, or representative of any other person or organization, or otherwise, in the (Counties) of Hart, Franklin, Stephens, Banks, Madison, Elbert, State of Georgia, artificially inseminate dairy cattle, or take orders for, or promote the artificial insemination of dairy cattle, with semen other than such as furnished him by or through or with the permission of the employer," is reasonably limited as to time and territory, is not otherwise unreasonable, and is not void. Burdine v. Brooks, 206 Ga. 12 (55 S. E. 2d, 605); Kirshbaum v. Jones, 206 Ga. 192 (56 S. E. 2d, 484). The fact that the defendant's contract of employment provided that his work would be primarily in the territory within a twenty-mile radius of Royston, Georgia, and that this area did not extend to the limits of the six counties referred to in the restrictive covenant would not render the territorial limit unreasonable, since the evidence disclosed that the plaintiff association served members or customers "in the counties referred to in the contract." The trial court, therefore, erred in holding the restrictive covenant unreasonable, and for that reason invalid.
(a) What is here held is not in conflict with the rulings of this court in Rakestraw v. Lanier, 104 Ga. 188 (30 S. E. 735), where the time was unlimited, or in Orkin Exterminating Co. v. Dewberry, 204 Ga. 794 (51 S. E. 2d, 669), where the territorial limitation was held unreasonable as extending to almost the entire State, in many sections of which the employer was not and never had been engaged in business, and amounting to virtual banishment of the employee from the State.
3. Other questions raised by the defendant's answer but not passed on by the trial court will not be considered, since "This court sits to review rulings of the trial courts, and it will not pass upon questions on which *548 no ruling has ever been made by the trial judge." Bourquin v. Bourquin, 110 Ga. 440, 442 (35 S. E. 710); Ballard v. Waites, 194 Ga. 427, 430 (21 S. E. 2d, 848); Rogers v. Taintor, 199 Ga. 192, 196 (33 S. E. 2d, 708); Stout v. Pate, 208 Ga. 768 (69 S. E. 2d, 576).
Judgment reversed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.