[Civ. No. 23810.   Second Dist., Div. One.   June 9, 1959.]

THOMAS R. FORD, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOY A. FORD, Real Party in Interest.

Lester M. Fleischner for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Edward A. Nugent, Deputy County Counsel, for Respondent.

Aaronson & Shapero and Judith B. Aaronsen for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner seeks a writ of prohibition to enjoin the respondent court from further proceedings in an action commenced by him against Joy A. Ford, his former wife, wherein he sought to have it adjudged that he was, and Joy was not, a fit and proper person to have custody of their minor child Jerre and prayed that he be awarded exclusive care, custody and control of said child.

The relevant facts are: Plaintiff and Joy married in December of 1947. There was one issue of the marriage, a child Jerre, who was born on October 22, 1955. In August 1958, Joy obtained a final decree of divorce from petitioner here in the State of Nevada. By said decree she was awarded custody, care and control of Jerre. In December of 1958, in the State of South Carolina, a written agreement was signed by the parties which by its terms purported to place the custody of Jerre in petitioner, Joy waiving and relinquishing all right to the custody of the child as given her under the Nevada decree. After this agreement was signed petitioner brought the child to Los Angeles and on January 5, 1959, commenced the subject action. At the time of the commencement of that action petitioner, the child and Joy were domiciled in Los Angeles.

---

*Assigned by Chairman of Judicial Council.

On January 29, 1959, Joy filed a demurrer to the complaint and a motion to strike from the complaint and a motion for an order requiring petitioner to pay attorney's fees and costs to Joy in order that she might defend the action. On that day petitioner left the state taking Jerre with him and since said time he and the child have resided in Australia.

On February 2, a request for the entry of a dismissal of the action was filed. This request was dated January 29, 1959, and signed by petitioner and his counsel. Thereafter counsel for Joy filed a memorandum of costs and disbursements included in which was a demand for attorney's fees pursuant to section 137.3 of the Civil Code. Petitioner moved to tax costs and upon this motion being heard costs were taxed in the sum of $16.50 "without prejudice to defendant seeking to set aside the dismissal." Joy then moved the court to vacate the dismissal which had been entered by the clerk at the request of petitioner. This motion was granted and Joy filed an answer to the complaint and a cross-complaint by which she seeks to establish the Nevada decree as a domestic judgment and seeks custody of Jerre.

Petitioner contends that he had the absolute right under paragraph 1 of section 581 of the Code of Civil Procedure to dismiss the action and that the respondent court was without jurisdiction to vacate the dismissal which had been entered by the clerk at his request.

If the subject action is one which falls within the purview of section 581, subdivision 1 of the Code of Civil Procedure petitioner's contention must be sustained inasmuch as at the time the request for dismissal was filed the defendant had not by answer, counterclaim or cross-complaint sought affirmative relief. (*Simpson* v. *Superior Court*, 68 Cal.App.2d 821 [158 P.2d 46]; *Cook* v. *Stewart McKee & Co.*, 68 Cal.App.2d 758 [157 P.2d 868].)

In our opinion, however, this action is not one which either party could cause to be dismissed without the consent of the court. The action is not one for which there is any statutory provision but is one which invokes the inherent power of the court. (*Titcomb* v. *Superior Court*, 220 Cal. 34 at 40 [29 P.2d 206].) The controlling factor in the action is not the rights of the parties seeking custody but is the welfare of the child. (*Titcomb* v. *Superior Court, supra,* at 40, 41 and 44.) When the complaint was filed, the child for whose benefit the action was commenced was brought under the protection of the court and was in effect a party to the action

and the petitioner as the plaintiff in the action representing the child was in the same position as a guardian *ad litem* and was without power to dismiss the action without the consent of the court. (*Whitten* v. *Dabney,* 171 Cal. 621 at 631-632 [154 P. 312] and cases there cited; *Collard* v. *McCormick,* 162 Ga. 116 [132 S.E. 757]; *Ex Parte Welsh,* 93 N.J. Eq. 303 [116 A. 23].)

Petitioner asserts that by moving to tax costs the defendant acknowledged that the action had been dismissed inasmuch as costs may only be allowed under section 1032, subdivision b of the Code of Civil Procedure after a dismissal. We see no merit in this contention for as we have pointed out, neither party could without the consent of the court dismiss the action and the defendant Joy cannot be estopped by her action in moving to tax costs from asserting the rights of the minor nor could the minor be estopped or her rights affected by the action of either party.

Petitioner further asserts that when the court made its order taxing costs it in effect consented to the dismissal of the action. Petitioner, however, loses sight of the fact that by the same order the court reserved to the defendant and consequently to the minor the rights to move to vacate the dismissal, a motion it could not grant if it had consented to the dismissal.

The alternative writ heretofore issued is discharged and the peremptory writ is denied.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied July 6, 1959, and petitioner's application for a hearing by the Supreme Court was denied August 5, 1959.