Filed 10/25/23  Messick v. Shaulis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| KELLY ANNA MESSICK,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MATTHEW WILLIAM SHAULIS,<br><br>Defendant and Respondent. | C096822<br><br>(Super. Ct. No. FLSQ20-00599)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on October 18, 2023, be modified as follows:

On page 8, footnote one, first sentence, delete "writ petition" and replace with "appeal" so that the first sentence now reads:

In addition, mother sought dismissal of the Yuba action while her appeal in this Court was pending in case No. C094413.

1

This modification does not change the judgment.

FOR THE COURT:

_____/S/_____
HULL, Acting P. J.

_____/S/_____
MAURO, J.

_____/S/_____
HORST, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 10/18/23  Messick v. Shaulis CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| KELLY ANNA MESSICK, | |
| Plaintiff and Appellant, | C096822 |
| v. | (Super. Ct. No. FLSQ20-00599) |
| MATTHEW WILLIAM SHAULIS, | |
| Defendant and Respondent. | |

Kelly Anna Messick (mother) and Matthew Shaulis (father) have a son (the child) who was born in Ohio.  Father and mother were not married.  Mother left Ohio with the child and moved to California.  Mother filed an action in Yuba County Superior Court seeking sole legal and physical custody of the child and visitation for father.  But then mother moved to San Diego, took the position that the Yuba court lacked jurisdiction over the matter, repeatedly sought dismissal of the Yuba action, and did not comply with court orders.

1

The Yuba court found the following: that father and mother are the biological and legal parents of the child, mother demonstrated an active interest in undermining father's parental relationship with the child, she willfully disobeyed prior court orders, she refused to facilitate visitation for father, and she refused to identify her location. The Yuba court awarded sole legal and physical custody of the child to father. It also ordered mother to reimburse father $932.42 for expenses incurred in relation to the court's turn-over order. At a subsequent hearing, the Yuba court found that the location of the child was unknown, mother made substantial efforts to frustrate resolution of the Yuba action, and father incurred additional expenses in the Yuba action as a result of mother's conduct. It imposed sanctions totaling $49,491 against mother. It found mother had financial ability to pay the sanctions based on evidence that she was employable and had assets. The Yuba court entered judgment from which mother now appeals.

Mother challenges the Yuba court's jurisdiction to enter orders in the Yuba action. She unsuccessfully asserted the same contention in previous petitions for writ of mandate or prohibition filed in this court. She argues the Yuba court (1) lacked jurisdiction to issue orders after she submitted a request for dismissal, and (2) erred in imposing sanctions against her pursuant to Family Code section 271.

Finding no merit in her contentions, we will affirm the judgment.

BACKGROUND

In 2020, father initiated an action in Ohio to establish paternity of the child and for custody or a shared parenting plan. We will refer to that proceeding as the Ohio action and to that court as the Ohio court.

Mother filed her petition in Yuba County two months later. She sought sole legal and physical custody of the child and visitation for father. She filed papers in the Ohio and Yuba courts seeking dismissal of the Ohio action and the exercise of jurisdiction in the Yuba action. Father opposed jurisdiction in California. The Yuba court stayed the Yuba action until the Ohio court decided whether it would exercise jurisdiction.

2

On June 25, 2021, in case No. C094413, mother appealed the Yuba court's order staying the Yuba action and denying mother's motion to set aside that order. That appeal was dismissed as moot.

Meanwhile, in September 2021, the Ohio court determined that California was the child's home state at the time father filed the Ohio complaint and the matter should proceed in California. It granted father's application to voluntarily withdraw his Ohio complaint without prejudice.

On November 5, 2021, mother sought to dismiss her petition in the Yuba court by attempting to file a request for dismissal without prejudice. The Yuba court clerk declined to file the request. However, mother was able to file a request for order of dismissal three days later. That same day, father filed a response to mother's petition and opposed mother's request for order of dismissal, but asked the Yuba court to order the matter to proceed in Ohio if it granted mother's dismissal request. Mother argued dismissal should have been entered when she presented her prior request on November 5, 2021, because at that point father had not yet appeared in the case.

The Yuba court heard mother's dismissal request on December 22, 2021. Based on the Ohio court's order, the Yuba court lifted the stay in the Yuba action and ruled that California had jurisdiction over the issue of custody and visitation. It denied mother's request for dismissal because (1) a stay was in place when mother sought dismissal, (2) to the extent mother's request for dismissal was based on father's failure to file a response to her petition, father was not required to file a response during the stay but filed one anyway, and (3) the request for dismissal otherwise lacked specificity. The Yuba court granted father supervised visitation and referred the matter to mediation.

On January 5, 2022, mother filed a petition for writ of mandate in this Court in case No. C095511, challenging the Yuba court's denial of her requests to dismiss the Yuba petition and seeking a writ directing the Yuba court to dismiss the Yuba action

3

effective November 5, 2021, and to vacate any orders made after that date. This Court denied the petition.

Less than a month later, on January 31, 2022, mother filed another writ petition in this Court (case No. C095598) asserting the same contentions and seeking the same relief as her previous writ petition. This Court denied the petition.

During a Zoom hearing in the Yuba case, the Yuba court noted that mother had failed to comply with its orders regarding preparation for supervised visitation and again ordered her to make such arrangements. It also ordered mother to complete mediation. Mother insisted her petition had been effectively dismissed on November 5, 2021. When counsel for father expressed concern that mother may have moved, the Yuba court asked mother where she lived. Mother did not answer and disconnected from Zoom.

Father requested an emergency order that mother produce the child, give the child's address, and contact Ardent Family Services to prepare for supervised visitation. Mother opposed the request, once again arguing the Yuba court lost jurisdiction when she sought to dismiss her petition. Following a hearing at which mother did not appear, the Yuba court issued an order requiring mother to appear in person at a subsequent hearing, to produce the child, and to provide her current address and contact information. Mother filed a request to continue the subsequent hearing, stating she had new counsel, she had not lived in Yuba County since 2021, and her attorney would file a new action in San Diego.

Mother's new counsel appeared at the continued hearing. The Yuba court again ordered mother to set a mediation date. It granted father temporary physical custody of the child and ordered supervised visitation for mother. Mother was ordered to contact Ardent Family Services to arrange visitation and to produce the child at the San Diego Police Department on March 5, 2022.

Mother did not turn over the child to father in San Diego. Consequently, father sought a bench warrant and an order to retrieve the child. The Yuba court granted the

4

request. Mother failed to comply with other court orders and the Yuba court sanctioned her and issued a citation for her to appear. When mother did not appear, the Yuba court ordered a bench warrant.

On April 7, 2022, father notified the Yuba court that mother filed a petition for custody and support of the child in San Diego County on March 28, 2022.

On April 12, 2022, mother filed another writ petition in this Court (case No. C096009) reasserting her contention that the Yuba court lacked jurisdiction to issue orders after mother sought to voluntarily dismiss her petition before father appeared in the action. Mother sought a writ directing the Yuba court to vacate its March 4, 10, and 22, 2022 orders and to dismiss the Yuba action. This Court denied the petition.

On June 6, 2022, mother filed in the Yuba court another request for order to dismiss the action effective November 5, 2021. The Yuba court denied the request on the grounds that it had previously ruled on the same request and if the request was a motion for reconsideration, it was untimely.

Mother did not appear at an evidentiary hearing on her Yuba petition. The Yuba court found mother had been given notice of the hearing, and it made the following factual findings after hearing testimony from witnesses: that father and mother were the biological and legal parents of the child; mother had a deliberate plan to abscond with the child from the child's residence in Ohio and demonstrated an active interest in undermining father's parental relationship with the child; mother willfully disobeyed prior court orders; she refused to facilitate visitation for father despite court orders; and she refused to provide her location information.

The Yuba court concluded it had jurisdiction to make child custody orders under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code, § 3400 et seq), the statute that governed subject matter jurisdiction in custody disputes involving multiple jurisdictions. (*A.M. v. Superior Court* (2021) 63 Cal.App.5th 343, 350.) It denied mother's request for custody and visitation because she did not present

supporting evidence, and it awarded sole legal and physical custody of the child to father. It ordered mother to transfer the child to father immediately. It also ordered mother to reimburse father $932.42 for expenses incurred in connection with the court's turn-over order. And it set a further evidentiary hearing for father's request for Family Code section 271 sanctions against mother.

The Yuba court heard further testimony at the next hearing. It found that the location of the child was unknown, mother made substantial efforts to frustrate resolution of the Yuba action, and father incurred additional expenses as a result of mother's conduct. It imposed sanctions totaling $49,491 against mother. It found mother had financial ability to pay the sanctions based on evidence that she was employable and had assets. The Yuba court entered judgment from which mother now appeals.

## DISCUSSION

### I

Mother contends the Yuba court should have dismissed the Yuba petition upon mother's request and the Yuba court lacked jurisdiction to issue any orders after she submitted her request for dismissal.

An action may be dismissed with or without prejudice upon the petitioner's filing of a written request with the court clerk or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs for entering the order, if any. (Code Civ. Proc., § 581, subd. (b)(1); *Hopkins v. Superior Court* (1902) 136 Cal. 552, 553.) However, a petitioner's right to dismiss is not absolute. (*Curtin Maritime Corp. v. Pacific Dredge & Construction, LLC* (2022) 76 Cal.App.5th 651, 665 (*Curtin*).)

A court has inherent authority, in its discretion, to stay proceedings when a stay will accommodate the ends of justice. (*OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 141; accord *Daly v. San Bernardino County Bd. of Supervisors* (2021) 11 Cal.5th 1030, 1039; *Thomson v. Continental Ins. Co.* (1967) 66 Cal.2d 738, 746; *St. Paul Fire & Marine Ins.*

6

*Co. v. AmerisourceBergen Corp.* (2022) 80 Cal.App.5th 1, 13-14; see *Simmons v. Superior Court* (1950) 96 Cal.App.2d 119, 122-131.) The Yuba court stayed the Yuba action on February 11, 2021. The stay was not lifted until December 22, 2021. Mother could not dismiss her action during the pendency of the stay.

Courts have also recognized limitations on a petitioner's right to dismiss when the petitioner is not the only party in interest on his or her side. (See, e.g., *Malibu Outrigger Bd. of Governors v. Superior Court* (1980) 103 Cal.App.3d 573, 579 [class action]; *Ensher v. Ensher, Alexander & Barsoom, Inc.* (1960) 187 Cal.App.2d 407, 410 [shareholder derivative lawsuit]; *Wilson v. Frakes* (1960) 178 Cal.App.2d 580, 584 [after the trial court ordered an individual be made a defendant as an indispensable party to the action]; *Ford v. Superior Court* (1959) 171 Cal.App.2d 228, 230-231 (*Ford*) [child custody]; *In re Estate of Raymond* (1940) 38 Cal.App.2d 305, 308 [probate of will]; 6 Witkin, Cal. Proc. (6th ed. 2021) Proceedings Without Trial § 337, pp. 834-835.)

*Ford* had circumstances somewhat similar to this case. A father filed an action for sole custody of a child. (*Ford, supra*, 171 Cal.App.2d at p. 229.) After the mother demurred and filed other motions, the father left the country with the child and filed a request for dismissal. (*Id.* at p. 230.) The court clerk entered dismissal and the mother moved to vacate it. (*Ibid.*) The appellate court said the controlling factor was the welfare of the child. (*Ibid.*) When the action was initiated the child was brought under the protection of the court. (*Id.* at pp. 230-231.) The father could not dismiss the action without the trial court's consent; the right to dismiss under Code of Civil Procedure section 581 did not apply. (*Ford,* at pp. 230-231.)

The holding in *Ford* is consistent with the policy of this state to protect the health, safety, and welfare of children when making custody and visitation orders, to ensure that children have continuing contact with both parents unless the contact would not be in the best interests of the child, and to encourage parents to share the rights and responsibilities of child rearing. (Fam. Code, § 3020.)

7

Mother argues the UCCJEA rendered *Ford* irrelevant. But *Ford* did not involve a question of competing jurisdiction and mother has not established there was no jurisdiction in *Ford* or in this case. *Cardiff Equities, Inc. v. Superior Court* (2008) 166 Cal.App.4th 1541, on which mother relies, is distinguishable. (*Id.* at pp. 1544-1545 [breach of partnership agreement and guaranty].)[1]

II

Mother further argues the Yuba court erred in issuing sanctions against her under Family Code section 271.

Family Code section 271 "authorizes an award of attorney fees and costs as a sanction for uncooperative conduct that frustrates settlement and increases litigation costs." (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 290; accord *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1317.) We review an award of sanctions under Family Code section 271 for abuse of discretion and review the trial court's factual findings under the substantial evidence standard. (*In re Marriage of Fong*, at p. 291; *In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 653.) We must view the evidence in a light most favorable to the trial court's order and indulge all reasonable inferences to affirm the order. (*In re Marriage of Sorge,* at p. 652.) We will overrule the trial court's order only if no judge could reasonably make the order. (*Ibid.*)

---

[1] In addition, mother sought dismissal of the Yuba action while her writ petition in this Court was pending in case No. C094413. A trial court generally lacks jurisdiction to dismiss an action while an appeal is pending where dismissal would impact the effectiveness of the appeal. (Code Civ. Proc., § 916, subd. (a); *Curtin, supra,* 76 Cal.App.5th at p. 665; *Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 476, fn. 3; *Bailey v. Superior Court* (1932) 125 Cal.App. 748, 750-751; but see, e.g., Code Civ. Proc. § 917.7 [the automatic stay does not apply to a custody and visitation order although a trial court may in its discretion stay execution of such provisions]; *Bain v. Superior Court* (1974) 36 Cal.App.3d 804, 807-808 [the automatic stay does not affect the trial court's power to order or modify temporary spousal or child support].)

8

Mother contends the Yuba court had no jurisdiction to issue sanctions because the case was dismissed. We reject this contention for reasons we have explained. Mother also argues the sanctions order was an abuse of discretion because she did not frustrate settlement. We conclude the Yuba court did not abuse its discretion. Mother failed to appear at status conferences and hearings. She repeatedly failed to comply with court orders. She refused to provide information about the child's location and disconnected from Zoom during a hearing. This Court repeatedly denied her writ petitions but mother continued to assert the same unsuccessful position in the Yuba action. (See *Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 191 [a new filing on the same facts to evade a prior ruling may constitute sanctionable conduct]; *Say & Say v. Castellano* (1994) 22 Cal.App.4th 88, 93 [repeated filings to thwart a court's proper exercise of jurisdiction was sanctionable conduct]; *Papadakis v. Zelis* (1992) 8 Cal.App.4th 1146, 1148-1149.)

In addition, mother claims there was no evidence of her ability to pay the sanctions. It is true that in awarding sanctions under Family Code section 271, the trial court shall consider evidence of the parties' income, assets, and liabilities, and shall not impose a sanction that imposes an unreasonable financial burden on a party. (Fam. Code, § 271, subd. (a).) Here, however, the Yuba court found that mother was employable, had assets, and thus had the financial ability to pay the sanctions. Substantial evidence supports that finding. Father testified that mother had worked full time in 2018 transcribing depositions. Mother's grandmother testified that mother held a property management position in 2020. Mother sold a travel trailer in 2021 and bought a car after moving to California. She was the successor trustee and a beneficiary of a trust that sold real property for $315,000 in June 2022. As for father, there was evidence that he worked as a pilot. He filed an income and expense declaration. Mother has not established trial court error or abuse of discretion.

9

# DISPOSITION

The judgment is affirmed.  Father shall recover his costs on appeal.

/S/
MAURO, J.

We concur:


/S/
HULL, Acting P. J.


/S/
HORST, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.