[Civ. No. 9930.   Third Dist.   Dec. 15, 1960.]

MARTHA ENSHER, Individually and as Executrix, etc., Appellant, v. ENSHER, ALEXANDER AND BARSOOM, INC. (a Corporation) et al., Respondents.

Steel & Arostegui, Avakian & Johnston and Richard Johnston for Appellant.

McCarthy & Crow, Dodge & Evans, Dodge, Evans, Reyes, Brorby & Driscoll and Robert P. Brorby for Respondents.

WARNE, J. pro tem.*—Appellant commenced this action against Ensher, Alexander & Barsoom, Inc., a California corporation, and five directors of the corporation. Four causes of action were alleged. The first three causes of action were in the nature of a shareholders' derivative suit in which ap-

*Assigned by Chairman of Judicial Council.

pellant, in her fiduciary capacity as a shareholder representing the corporation, sought to recover damages from the individual defendants on behalf of the corporation. The fourth cause of action was brought under section 811 of the Corporations Code to remove the individual defendants from office as directors of the corporation.

Respondents subsequently moved the trial court for an order requiring appellant to furnish security, pursuant to section 834 of the Corporations Code. This motion was heard by the trial court in a contested hearing at which time affidavits were filed, testimony was adduced and oral argument was heard. The trial court, in substance, found that the remedy prescribed by section 834 of the Corporations Code was properly invoked by the respondents and that the appellant should be required to give adequate security to the respondent corporation for the privilege of maintaining the first three causes of action set forth in the complaint. It required the appellant to give a surety bond in the sum of $40,000, or a personal bond in the sum of $80,000, for security for expenses, including attorneys' fees, of the corporation and the individual defendants in connection with each of the first three causes of action. The order was based on a determination that the defendants, and each of them, "have established that there is no reasonable probability that the prosecution of each and all of the first three causes of action alleged in the Complaint . . . will benefit the defendant corporation or its security holders, . . ." The formal order also provided that if the security required was not furnished within 30 days the first three causes of action set forth in appellant's complaint would be dismissed. The findings incorporated in the court's order are not challenged on this appeal.

The appellant elected not to furnish the security required by the order and, on May 21, 1959, the respondents filed a notice of motion to dismiss the first three causes of action *with prejudice.* After this notice was filed, but before it was heard, appellant filed a voluntary dismissal of the first three causes of action with the clerk of the court in which the action was pending, and the clerk entered a dismissal in the clerk's register. On June 2, 1959, the motion for dismissal with prejudice was heard, counsel for appellant failing to appear, and on June 5, 1959, the trial court entered a formal judgment of dismissal with prejudice of the first three causes of action.

On June 16, 1959, appellant filed a notice of motion to set aside the judgment of dismissal with prejudice. The motion was denied and this appeal followed.

Appellant contends that her action in filing a written request with the clerk of the court, pursuant to section 581, subdivision 1, of the Code of Civil Procedure, (a) is without prejudice and a valid dismissal; or (b) that appellant's act was an amendment to the complaint under section 472 of the Code of Civil Procedure. Appellant's contention is that in either event the causes of action were removed from the case before the court made its order of dismissal and that therefore the court's order was ineffective.

The error in appellant's argument lies in the fact that whatever the law may be generally as to a plaintiff's right to dismiss an action under section 581, subdivision 1, or amend it under section 472 of the Code of Civil Procedure, the action in the present case is a derivative suit and, as such, special rules apply. The present situation falls directly under the rule stated in *Spellacy* v. *Superior Court,* 23 Cal.App.2d 142, 147 [72 P.2d 262], where it was held that a stockholder bringing such a derivative suit is a trustee for the corporation's cause of action and as such cannot dismiss the action without the consent of the trial court. It is apparent in the present case that appellant did not have the trial court's consent, as the trial court subsequently refused to set aside its order of dismissal. Furthermore, the appellant cannot, in the alternative, claim that her act was an amendment to the complaint, since to allow this would be to allow a violation of the rule in the Spellacy case, *supra,* by indirection. Therefore, the appellant's attempted dismissal was ineffectual and the trial court effectively dismissed the first three causes of action contained in appellant's complaint.

The question remains whether or not the dismissal *with prejudice* was error. Corporations Code, section 834, clearly allows the trial court to dismiss a derivative suit where, after a proper finding requiring security, the plaintiff fails to provide the bond required. The trial court found, as the basis for the security requirement, that there was no reasonable probability that the prosecution of the first three causes of action would benefit the defendant corporation. This is sufficient basis under section 834 of the Corporations Code for dismissal where the plaintiff later fails to provide the required security.

Section 834 of the Corporations Code, however, makes no

provision for dismissal *with prejudice*. The facts in this case clearly are not within the requirements of section 581, subdivision 4, of the Code of Civil Procedure, since, as pointed out above, the plaintiff in a derivative suit cannot abandon the action without the consent of the trial court and also, here the case had not come to trial.

■ ". . . [T]he ordinary rule is that the dismissal of an action does not operate as a bar to another action for the same cause of action as was stated in the action which was dismissed (*Westbay* v. *Gray,* 116 Cal. 660 [48 P. 800] ; *Davenport* v. *Turpin,* 43 Cal. 597; *Parks* v. *Dunlap,* 86 Cal. 189 [25 P. 916] ; *Rosenthal* v. *McMann,* 93 Cal. 505 [29 P. 121]) ; but specifically, where the dismissal of an action does not purport to go to the merits of the case, the trial court has no authority to include within the judgment of dismissal an order which in effect precludes the plaintiff from instituting another action in which the merits of the controversy may be litigated." (*Matteson* v. *Klump,* 100 Cal.App. 64 [279 P. 669] ; see also *Oppenheimer* v. *Deutchman,* 132 Cal.App.2d Supp. 875, 880 [281 P.2d 650] ; *Goddard* v. *Security Title Ins. & Guar. Co.,* 14 Cal.2d 47, 53 [92 P.2d 804].) ■ " 'A dismissal with prejudice terminates the action . . . . ■ But a mere statement that a judgment of dismissal is "with prejudice" is not conclusive. It is the nature of the action and the character of the judgment that determines whether it is res judicata. The intention of the court to make a determination on the merits may be important, but if the judgment is clearly not on the merits, the court's intention is immaterial.' " (*Gagnon Co., Inc.* v. *Nevada Desert Inn,* 45 Cal.2d 448, 455 [289 P.2d 466].) ■ In a proceeding under section 834 of the Corporations Code, "A determination as to the furnishing of security is not a determination of the merits of any issue in the action." (*Beyerbach* v. *Juno Oil Co.,* 42 Cal.2d 11, 16 [265 P.2d 1] ; see also *Olson* v. *Basin Oil Co.,* 136 Cal.App. 2d 543, 555 [288 P.2d 952] ; *Olwell* v. *Hopkins,* 28 Cal.2d 147 [168 P.2d 972].)

In the instant case we conclude that the judgment be modified striking therefrom the words "with prejudice." Otherwise, the judgment should be affirmed. It is so ordered. Each party is to bear its own costs on appeal.

Peek, J., and Schottky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 8, 1961.