[Civ. No. 47046. Second Dist., Div. Five. May 6, 1976.]

ROBERT MARCARELLI et al., Plaintiffs and Appellants, v.
CLARENCE E. CABELL, as County Clerk, etc.,
Defendant and Respondent.

**COUNSEL**

Hughes Hubbard & Reed, Norbert A. Schlei, Malcolm E. Wheeler, Hecht & Diamond and Roger J. Diamond for Plaintiffs and Appellants.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**KAUS, P. J.**—The issue is whether a class action plaintiff may dismiss the action without court approval. More specifically, the issue is the validity—as applied to this case—of rule 470 of the Class Action Manual of the Los Angeles Superior Court, which directs the county clerk not to process requests for dismissal of class actions without such approval.

■ We hold that a class action, once filed, may not be dismissed without court approval and that rule 470 necessarily follows from the Supreme Court's holding in *La Sala v. American Sav. & Loan Assn.*, 5 Cal.3d 864, 871 [97 Cal.Rptr. 849, 489 P.2d 1113], that "[w]hen a plaintiff sues on behalf of a class, he assumes a fiduciary obligation to the members of the class, surrendering any right to compromise the group action in return for an individual gain."

### FACTS

In October 1974, plaintiffs Robert and Joyce Marcarelli and Jack and Della Mae Cole filed an amended class action complaint against defendant Leisure Industries, Inc., about a half-dozen corporate and nearly 2 dozen individual defendants, alleging—in 15 counts and 38 pages—a massive real estate fraud involving recreational property. Plaintiffs asked for restitution, compensatory as well as exemplary damages, declaratory and injunctive relief. The class they claimed to represent included "several thousand persons."

On January 28, 1975, plaintiffs and defendants filed a joint request for dismissal of the action with prejudice. (Code Civ. Proc., § 581, subd. 2.) The request was accompanied by a signed "Consent to Dismissal" which stated that because "the parties to the Action wish to adjust and to settle fully all claims and controversies . . . on an amicable basis pursuant to the terms of the Settlement Agreement between them" plaintiffs Marcarelli and Cole, their attorneys, and defendants' attorneys "hereby grant their consent to immediate dismissal. . . ." The terms, however, were not disclosed.

The clerk orally refused to enter the dismissal. On the same day, January 28, plaintiffs and defendants jointly filed a petition for a writ of mandate to compel the clerk to perform his "nondiscretionary" duty to dismiss.[1] On June 17, 1975, the superior court entered its judgment

---

[1]The clerk did apparently bring the request for a dismissal to the attention of Judge Campbell Lucas who "tentatively" disapproved it on January 29, 1975, pending filing of the declaration called for by rule 470.1(b). (See appendix.)

denying the petition. This appeal—jointly pursued by plaintiffs and defendants—followed.

DISCUSSION

Appellants' contention that they have an absolute right to dismiss the class action case under Code of Civil Procedure section 581, subdivisions 1 and 2, is without merit. In *La Sala* v. *American Sav. & Loan Assn., supra,* 5 Cal.3d 864, 868, our Supreme Court held that "whenever the dismissal of a class action stems from a defendant's grant of benefits to the representative plaintiffs, which are not provided to the class as a whole, the court may not dismiss the action without notice to the class; . . ."

The reason for the rule is simple: "When a plaintiff sues on behalf of a class, he assumes a fiduciary obligation to the members of the class, surrendering any right to compromise the group action in return for an individual gain. Even if the named plaintiff receives all the benefits that he seeks in the complaint, such success does not divest him of the duty to continue the action for the benefit of others similarly situated." (5 Cal.3d at p. 871. See also, *City of San Jose* v. *Superior Court,* 12 Cal.3d 447, 464 [115 Cal.Rptr. 797, 525 P.2d 701].)

The Los Angeles Superior Court then adopted rule 470 of the Class Action Manual (see appendix) which provides in relevant part: "Dismissals in class actions are also subject to prior court approval. . . . [¶] If you wish to have a dismissal of any kind entered . . . [t]he request must be accompanied by at least one declaration setting forth the facts upon which the party relies in seeking the dismissal. The declaration must clearly set forth whether or not consideration of any kind, direct or indirect, is being given for the dismissal. *The details of any consideration must be set forth.*" (Italics added.)

That rule 470 follows necessarily from the holding of *La Sala* should be evident. Unless a statement of reasons accompanies a request for dismissal, the court cannot ascertain whether the request stems from "a defendant's grant of benefits to the representative plaintiffs" to the exclusion of other class members.

Appellants assert that *La Sala* "held only that a defendant cannot, *over the named plaintiffs' objection,* achieve dismissal of an action brought as a class action by mooting the case as to the named plaintiffs." This attempted distinction is, at best, ingenuous. It focuses on the fact that in *La Sala* the named plaintiffs continued to speak for the class, even after the

defendant offered them full satisfaction of their personal claims. Surely the plaintiffs in this case cannot make a virtue out of their basic difficulty: that, having settled their own claims, they no longer wish to act for the class they assumed to represent.

■ Petitioners contend, however, that section 581, subdivisions 1 and 2, confer upon a plaintiff in a class action, provided he otherwise complies with the section, an absolute right to a dismissal and that the clerk has no discretion to refuse to enter the dismissal.[2] We disagree. First, that position is irreconciliable with the mandate of *La Sala.* Second, the assumption that section 581 confers on all plaintiffs a judicially unchallengeable right to dismiss ignores compelling precedent.

"[T]he courts have recognized certain other necessary limitations on the supposed absolute right to dismiss. The underlying principle is that in some actions or proceedings the plaintiff or petitioner is not the sole party in interest on his side, and, though he has instituted the proceeding, is not entitled to terminate it." (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 49, p. 2713.) The exceptions noted by Witkin are will probates, child custody or guardianship matters, and—most relevant to the problem in this case—shareholder's derivative suits. (*Id.,* at pp. 2713-2714. See *Ensher* v. *Ensher, Alexander & Barsoom,* 187 Cal.App.2d 407, 410 [9 Cal.Rptr. 732].) In *Trotsky* v. *Los Angeles Fed. Sav. & Loan Assn.,* 48 Cal.App.3d 134, 149 [121 Cal.Rptr. 637], we, too, recognized "the salutary principle that, in order to prevent fraud, collusion or unfairness to the class, the settlement or dismissal of a class action requires court approval . . . ."

The potential for improper use of the class action process by allegedly "representative" plaintiffs in an action filed on behalf of a class of "thousands" is evident. We would be hard pressed to find a better case than this one to demonstrate the potential evils in permitting unlimited filing and dismissal of class actions. The relief sought in the 38-page amended complaint against defendants would probably bankrupt them if obtained; the incentive to settle—perhaps for far more than the "representatives" could ever gain from the action—is enormous. Indeed, as the "Consent to Dismissal" signed by the four named plaintiffs shows,

---

[2]Code of Civil Procedure, section 581, reads in relevant part: "An action may be dismissed in the following cases: 1. By plaintiff, . . . at any time before the actual commencement of trial, upon payment of the costs of the clerk or judge; provided, that affirmative relief has not been sought by the cross-complaint of the defendant, . . . 2. By either party, upon the written consent of the other. . . ."

the parties did reach a settlement. No court, however, knows its terms, since the parties insist on an absolute right to a dismissal of the action without disclosing them.

Appellants suggest that "it would be naive to think that plaintiffs would be deprived of their economic cudgel by [rule 470]." They point out that plaintiffs, who are inclined to use the filing of class actions as a means for extortion, would simply "begin the blackmailing *before* filing by threatening to file a class action complaint . . . ." Appellants misunderstand the purpose of rule 470. Obviously, no rule of court can prevent extortionate practices when no litigation is pending. A court may, however, prevent the abuse of its own process. (*Bloniarz* v. *Roloson,* 70 Cal.2d 143, 147-148 [74 Cal.Rptr. 285, 449 P.2d 221]; see generally *Buker* v. *Superior Court,* 25 Cal.App.3d 1085, 1089 [102 Cal.Rptr. 494].)

Gearing their argument to the announced holding of *La Sala* that "the court may not dismiss the [class] action without notice to the class . . . ," appellants claim that "judicial diseconomies and litigation inefficiencies would inevitably result from a rule requiring the trial court to withhold approval of a requested voluntary dismissal unless and until pre-dismissal notice has been provided to the alleged class."

Appellants are setting up a strawman. Nothing in rule 470 makes judicial approval of a requested dismissal contingent on notice to the class. The rule requires only a disclosure which appellants are unwilling to make. Whether an eventual dismissal will have to be preceded by notice to the class is a problem down the road. At this point the reason for disclosure is simply that without it the court cannot make an intelligent assessment of the impact of *La Sala* on this case.[3]

We reemphasize what appellants appear to ignore: This case does not involve the propriety or practicability of particular judicial action after the parties have complied with rule 470. The only issue is appellant's threshold refusal to comply.[4]

---

[3]The strawman is appellants' assumption that *La Sala's* holding that there can be no dismissal of a class action without notice to the class brooks no exception. We note that *La Sala* itself visualized the possibility that after appropriate adversary proceedings, it might be found that the continued "use of a class action format" might be precluded by the injection of "individualized issues." (5 Cal.3d at p. 877.) If that proved to be the case, in *La Sala* itself the notice stage would never be reached.

[4]We need not, in this case, attempt to delineate the various options—apart from refusing to allow the action to be dismissed—available to the trial court if it finds that the

Appellants also rely on parallel provisions in subdivision (f) of section 1781 of the Civil Code and rule 23(e) of the Federal Rules of Civil Procedure relating to settlement and dismissal of class actions and providing, in each instance, for court approval and notice to class members. Somehow, they argue that these provisions prohibit by implication any rule of law requiring notice to the class as a condition for a dismissal when the action has not yet been certified as a class action.

In listing the several complete answers to this argument which come to mind, we ignore that Civil Code section 1781, subdivision (f), and Federal Rules of Civil Procedure, rule 23(e) apply to this action only by way of analogy and example. (*Vasquez* v. *Superior Court,* 4 Cal.3d 800, 820-821 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].)

First, as already noted, notice to the class members whom plaintiffs purported to represent, and whom they now wish to ignore, is not—and may never be—the issue. Appellants were not denied a dismissal because they failed to notify class members, but because they refused to submit a factual statement of the reasons for seeking a dismissal.

Second, if appellants are correct, *La Sala* must be wrong. There the issue arose even before defendant's demurrer was argued.

Third, both Civil Code section 1781, subdivision (f) and Federal Rules of Civil Procedure, rule 23(e) deal with dismissals and compromises intended to bind the entire class. The purpose of their notice provisions is to prevent class members from reviving the matters compromised in future litigation. The purpose of the notice of which *La Sala* speaks is the very opposite: It is intended to alert class members to pending litigation in which the named plaintiff no longer has any interest.

The judgment is affirmed.

Stephens, J.; and Ashby, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 1, 1976.

---

action should proceed but that the representative plaintiffs will not or cannot properly represent the class. The fact that some of these options may be onerous to the representatives certainly should not lead to judicial "diseconomies" or "inefficiencies." On the contrary, it may discourage the indiscriminate filing of class actions by plaintiffs who do not intend to fulfill their fiduciary obligations.

## APPENDIX

Rule 470 reads in full as follows:

### "470 ALL DISMISSALS SUBJECT TO COURT APPROVAL

"Dismissals in class actions are also subject to prior court approval. (LaSala v. American Savings & Loan Assn., 5 Cal.3d 864, 872.) This includes not only dismissals of entire suits but also includes anything less than total dismissals, e.g., dismissal of certain causes of actions or of certain parties. All dismissal requests are handled by Department 59 (Class Action Department).

"The County Clerk is not authorized to process requests for dismissal of any type in class actions without prior court approval.

".1. If you wish to have a dismissal of any kind entered (whether total or partial or for a cause of action or for Doe defendants, etc.), counsel shall file the following documents directly with the clerk in Department 59 (class action department):

"(a) Request for Dismissal in the usual form

"(b) The request must be accompanied by at least one declaration setting forth the facts upon which the party relies in seeking the dismissal. The declaration must clearly set forth whether or not consideration of any kind, direct or indirect, is being given for the dismissal. The details of any consideration must be set forth.

"If such request and declaration are filed with the County Clerk's office instead of being filed directly in Department 59, there may be a delay of several weeks before the file and the documents reach Department 59 for handling.

".2. *Court Approval or Disapproval.* If the requested dismissal is approved, the court will sign an Order of Dismissal which will then be entered by the County Clerk. Notice of the signing of the order will be sent to the attorneys of record by the clerk in Department 59.

"If the requested dismissal is not being approved, notice of such tentative disapproval will be sent to the attorneys of record with a request that they set the matter for hearing in Department 59 on a date acceptable to the court's calendar."