[Civ. No. 58074. Second Dist., Div. One. Jan. 28, 1980.]

MALIBU OUTRIGGER BOARD OF GOVERNORS et al.,
Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
TITLE INSURANCE AND TRUST COMPANY,
Real Party in Interest.

COUNSEL

Robert M. Snader for Petitioners.

No appearance for Respondent.

Arthur Fine, Bruce M. Lorman and Fulop, Rolston, Burns & McKittrick for Real Party in Interest.

OPINION

CRAHAN, J.*—Petitioners seek a writ of mandamus ordering the superior court to vacate its minute order denying petitioners' motion to dismiss its action in case No. CA 000255 (Malibu Outrigger Board of Governors, etc. v. Morris, hereinafter called Morris) and instead dismiss the action, without prejudice, pursuant to section 581 of the Code of Civil Procedure.

Petitioners concede that, because theirs is a class action, rule 470 of the superior court is applicable and requires a noticed hearing with court approval prior to entry of dismissal.

Petitioners contend, however, that the court abused its discretion in denying the motion to dismiss this class action in its entirety, because the denial runs contrary to law and frustrates the very purpose for which rule 470 and *La Sala* v. *American Sav. & Loan Assn.*, (1971) 5 Cal.3d 864 [97 Cal.Rptr. 849, 489 P.2d 1113], stand, to wit, the protection of the class and its members.

We agree.

*Assigned by the Chairperson of the Judicial Council.

### Statement of Procedural Facts

Petitioners, as the board of directors of an unincorporated condominium association, and 14 owners of ocean side condominiums, filed their class action complaint on June 27, 1975, against neighboring property owners, the County of Los Angeles, other named defendants and Title Insurance & Trust Company, hereinafter referred to as TI. The suit involves property rights to certain sewer easements, or leach fields, road easements and ownership and use of a parking lot. TI is the *only defendant* served and generally appearing in this action and has not filed a cross-complaint therein.

After the filing of the Morris suit, some of the defendants in said litigation filed their own suit, being C 158227, entitled Donald T. Sterling v. Malibu Oceanside, Ltd., et al., on April 20, 1976. The Sterling suit seeks to quiet title and ejectment of petitioners as to the *same property* involved in the Morris action. Petitioners, who are defendants in the Sterling lawsuit, cross-complained therein, naming TI as one of the cross-defendants. Essentially, the same causes of action were alleged in their amended cross-complaint as were alleged in the amended complaint in the Morris suit. Fraud is also alleged as against TI in both actions.

Thereafter, much discovery was taken in the Sterling suit, and in 1979 TI filed its demurrer to petitioners' third amended cross-complaint, alleging, among other matters, that the Morris suit was a prior pending action. Such demurrer was granted on October 26, 1979, by Judge Robert Weil in law and motion, thereby abating the Sterling suit as to cross-defendant TI.

Petitioners state that the only reason they kept the Morris suit alive after filing the cross-complaint in the Sterling suit was to preserve the status of the lis pendens notice as to prospective purchasers and developers of the parking lot and adjoining beach property.

Petitioners, recognizing their dilemma, filed and had set for hearing on October 25, 1979, their motion to dismiss the Morris class action in its entirety and without prejudice, pursuant to both Code of Civil Procedure section 581, subdivision 1 and rule 470 of the superior court.

After hearing the motion, which was opposed by TI, Judge David Thomas denied the same on October 25, and after reconsideration, again on November 13, 1979.

Judge Thomas was aware of the Sterling suit and considered the possibility of consolidating Morris with Sterling, but later declined to do so. The sole basis for denial of the motion to dismiss was that TI would be prejudiced thereby. Should Morris be dismissed, without prejudice, then the time for bringing the cross-complaint to trial would run on April 19, 1981, five years after the filing date. However, if petitioners are required to try the Morris suit, as a result of the denial of their dismissal motion, they must bring in all parties or proceed to trial against TI alone, within six months, an impossibility according to petitioners. Petitioners also state that TI discussed settlement and told them to "wait" on both the Morris complaint and the Sterling cross-complaint.

TI's response to the petition is the same as was urged at the hearings on the dismissal motion, to wit, that the trial court acted properly in denying petitioners' dismissal motion in conformity with both the five-year rule and to carry out court policy of discouraging vexations and dilatory plaintiffs.

However, it is apparent that if petitioners cannot get the Morris suit to trial in the next six months, and if TI *sits back and does nothing*, while the Sterling suit stands abated as to it, then eventually the five-year mandatory dismissal period under Code of Civil Procedure section 583, subdivision (b) will run in *both* suits, thereby requiring petitioners to try their title dispute as to all defendants *other than TI* in the Sterling suit, resulting in a denial of their day in court on the merits of their claim against TI in both proceedings.

We find ourselves deciding whether an unwilling plaintiff may have his suit dismissed, without prejudice, so long as members of the class are not prejudiced thereby, even though such dismissal will prejudice TI, by allowing the second suit, Sterling, to proceed ahead unabated beyond the five-year period applicable to the Morris claim.

We believe that the equities are on the side of petitioners.

Initially, we point out that had Morris not been a class action matter, petitioners, as individual plaintiffs, could have filed their dismissal with the clerk of the court by mail or by depositing the same at the clerk's window; and the case would have been summarily dismissed without prejudice, by clerical entry.

Because this is a class action, rule 470 provides: "Dismissal in class actions are also subject to prior court approval. (*LaSala* v. *American Savings & Loan Assn.*, 5 Cal.3d 864, 872.) This includes not only dismissals of entire suits but also includes anything less than total dismissals, e.g., dismissal of certain causes of actions or of certain parties. All dismissal requests are handled by Department 59 (Class Action Department).

"The County Clerk is not authorized to process requests for dismissal of any type in class actions without prior court approval.

"1. If you wish to have a dismissal of any kind entered (whether total or partial or for a cause of action or for Doe defendants, etc.), counsel shall file the following documents directly with the clerk in Department 59 (class action department):

"(a) Request for Dismissal in the usual form

"(b) The request must be accompanied by at least one declaration setting forth the facts upon which the party relies in seeking the dismissal. The declaration must clearly set forth whether or not consideration of any kind, direct or indirect, is being given for the dismissal. The details of any consideration must be set forth.

"If such request and declaration are filed with the County Clerk's office instead of being filed directly in Department 59, there may be a delay of several weeks before the file and the documents reach Department 59 for handling.

"2. *Court Approval or Disapproval.* If the requested dismissal is approved, the court will sign an Order of Dismissal which will then be entered by the County Clerk. Notice of the signing of the order will be sent to the attorneys of record by the clerk in Department 59.

"If the requested dismissal is not being approved, notice of such tentative disapproval will be sent to the attorneys of record with a request that they set the matter for hearing in Department 59 on a date acceptable to the court's calendar."

This rule is in substance affirmed by the holding in *Marcarelli* v. *Cabell* (1976) 58 Cal.App.3d 51 [129 Cal.Rptr. 509], where at page 55 of its opinion the court upholds the proposition that: "'...in order to

prevent fraud, collusion or unfairness to the class, the settlement or dismissal of a class action requires court approval. . . .'"

█ The only other kinds of cases where the plaintiff has no absolute right to dismiss the proceedings are probate, child custody or guardianship matters. (*Marcarelli* v. *Cabell, supra,* citing 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 49, p. 2713.)

█ While we agree that petitioners have no absolute right to dismiss their class action suit without hearing and notice to class members (*La Sala* v. *American Sav. & Loan Assn., supra,* 5 Cal.3d at p. 873), a trial court should grant or deny the dismissal motion based upon the purpose to be served, to wit, the protection of the class.

█ Here, for the very reasons set forth in *La Sala* and *Marcarelli,* the trial court should have granted dismissal, not as a matter of right, but as a matter of class protection. The denial of the motion to dismiss places petitioners in the untenable position of having to bring the matter to trial in six months against but one of the many defendants involved in the property rights dispute; or, in the alternative, lose any right to litigate this matter as to TI, because the second suit has been abated as to TI. We do not believe the noticed hearing rule for class action dismissals was ever intended to grant TI immunity from adjudication of the substantial civil property issues involved here.

The limitation placed upon the absolute right to dismiss class action suits should not be used as a sword to defeat the rights of the class to have their day in court.

For this reason, the ruling of the trial court is vacated. Let a writ of mandate issue ordering the trial court to vacate its orders of October 25, November 1, and November 13, 1979, and that a new and different order be entered dismissing the Morris suit, without prejudice.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied February 26, 1980, and the petition of real party in interest for a hearing by the Supreme Court was denied April 10, 1980. Clark, J., was of the opinion that the petition should be granted.