29 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. WRIGHT, Plaintiff-Appellant,
v.
UNITED AIRLINES, Defendant-Appellee.
 No. 94-15282.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN Circuit Judges.
 MEMORANDUM**
 Robert A. Wright appeals pro se the district court's order dismissing his employment discrimination action against United Airlines (United) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e to 2000e-17 (Title VII). Wright contends that the district court erred by finding that his claim of retaliatory discrimination by his supervisor was barred by the doctrine of res judicata. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We reverse and remand because we must. We make no determination of whether other grounds exist to dismiss Wright's action.
 We review de novo a district court's dismissal of an action based upon res judicata. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993).
 Federal courts must give a state court judgment the preclusive effect that the judgment would have in the state court. Id. at 364; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035 (9th Cir.1990) (federal court looks to law of state for applicable res judicata principles), cert. denied 112 S.Ct. 417 (1991); see also Kremer v. Chemical Const., 456 U.S. 461, 478 (1981) (state res judicata and collateral estoppel doctrines apply to Title VII actions). "In California, res judicata precludes a plaintiff from litigating a claim if: the claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party ... in the prior action." Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985) (quoting Slater v. Blackwood, 543 P.2d 593, 594 (Cal.1975)).
 A dismissal with prejudice is generally on the merits, and bars a subsequent suit based upon the same cause of action. Torrey Pines Bank v. Superior Court (White), 265 Cal.Rptr. 217, 221 (Cal.Ct.App.1989). However, a statement that the judgment of dismissal is with prejudice is not conclusive. Gagnon Co. v. Nevada Desert Inn, 289 P.2d 466, 472 (Cal.1955). The intention of the court to make a determination on the merits is important, but if the judgment is clearly not on the merits, the court's intention is immaterial. Id.; Ensher v. Ensher, Alexander & Barsoom, Inc., 9 Cal.Rptr. 732, 734 (Cal.Ct.App.1960).
 A state court, upon a motion and a showing that the plaintiff is a vexatious litigant and has no reasonable probability of success, may require the plaintiff to post a cash security in a litigation. Cal.Civ.Proc. Secs. 391-391.3. If the plaintiff fails to furnish the required security, the court must dismiss the action. Id. at Sec. 391.4. No determination made by the court in ruling on the vexatious litigant motion is deemed to be a determination of any issue in, or the merits of, the litigation. Id. at 391.2.
 The state court ordered Wright to post a security after finding that he was a vexatious litigant and that he had no reasonable probability of success in the litigation. When Wright failed to provide the required security, the court dismissed his case with prejudice. The decision was affirmed by the court of appeal, which noted that "the lower court has not prevented appellant from proceeding with his action, but has merely required a showing of financial responsibility for the results of appellant's acts."[1]
 The district court correctly found that Wright was a party in the state court proceeding and that he could have, but did not, raise his Title VII claim in state court. See Eichman v. Fotomat Corp., 197 Cal.Rptr. 612, 614 (Cal.Ct.App.1983) (res judicata bars claims actually litigated in a prior proceeding and claims that might have been litigated); see also Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 826 (1990) (state courts have concurrent jurisdiction over Title VII claims).
 The district court, however, erroneously found that the state court judgment was on the merits. Although the trial court dismissed the suit with prejudice, the state court of appeal opined that Wright could pursue his claims if he provided the required security. See also Muller v. Tanner, 82 Cal.Rptr. 734, 736 n. 4 & 738 (Cal.Ct.App.1969) (noting that it is questionable whether a dismissal following a vexatious litigant's failure to post security is a judgment on the merits). Regardless of the intent of the state trial court in dismissing Wright's complaint, however, the court's finding that Wright was a vexatious litigant did not involve a determination of any issue in, or the merits of, the case. See Cal.Civ.Pro. Sec. 391.2. Accordingly, the court's dismissal based upon Wright's failure to post security was not a dismissal on the merits. See Muller, 82 Cal.Rptr. at 736 n. 4 & 738; see also Ensher, 9 Cal.Rptr. at 734 ("dismissal with prejudice" entered by court following plaintiff's failure to provide security in shareholder derivative action was not on merits because statute provides that determinations regarding the furnishing of security is not a determination of the merits). Because the state court's dismissal of Wright's suit was not on the merits, the district court erred by barring Wright's retaliatory discrimination claim on the basis of res judicata.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state court of appeal stated that Wright had no reasonable possibility of success, in part, because Wright's federal discrimination claims were determined previously in federal district court. See Wright v. Scherer, No. A055442 (Cal.Ct.App. Sept. 30, 1992). Subsequent to the state court of appeal decision we reversed the district court's judgment as to the dismissal of Wright's retaliatory discrimination claim. See Wright v. United Airlines, No. 92-15377, (9th Cir.1993 July 1, 1993)