Filed 4/3/25  Rockmaker v. West Coast Lending CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| NORMAN ROCKMAKER et al., | |
| Plaintiffs and Appellants, | G063837 |
| v. | (Super. Ct. No. 30-2019-01050162) |
| WEST COAST LENDING, INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Lon F. Hurwitz, Judge. Dismissed.

EDGE, Daniel A. Rozenblatt, Seth W. Wiener and Natasha Dandavati for Plaintiffs and Appellants.

Garcia Rainey Blank & Bowerbank, Jeffrey M. Blank, John E. Bowerbank and Sean B. Post for Defendants and Respondents.

Norman Rockmaker, Alice Noble, Mike Rozenblatt, and Eric Swindeman appeal from the trial court's order denying their motion to dismiss their complaint in intervention which asserted both direct and derivative causes of action arising out of a failed limited liability company. Appellants filed their motion as part of a proposed settlement with defendants.

The trial court denied appellants' motion without prejudice. Appellants assert the denial ruling is erroneous and appealable. Specifically, they contend the ruling is appealable under the collateral order doctrine and, alternatively, as an injunction order. We conclude appellants have failed to demonstrate the appealability of the denial ruling, and we dismiss.

## FACTS

## I.

### APPELLANTS' COMPLAINT IN INTERVENTION

We recite appellants' allegations as the factual background for this matter. In 2016, a limited liability company named MO Murrayfield, LLC (the LLC) was formed to acquire and manage various real properties in Missouri, including university dormitories. According to appellants: "To induce [investors, including appellants,] to invest in [the LLC], the

2

defendants in [this litigation[1]] made several misrepresentations and omissions about . . . finances, tenant leases, and the student housing market in Columbia, Missouri. . . . As a result of these misrepresentations and omissions, the [m]embers were induced to invest in [the LLC] and agree[d] to an inflated purchase price" of $14.7 million for real property.

Thirty members collectively contributed capital totaling a little over $4 million to the LLC. The members included appellants and two companies, respondent West Coast Lending, Inc.,[2] and Salvation Investment, LLC (Salvation).

Salvation filed its initial complaint in this matter in 2019, alleging multiple direct causes of action as well as derivative causes of action asserted on behalf of the LLC. In 2022, Salvation attempted to settle this matter, but appellants objected and the trial court (Judge Peter J. Wilson) denied Salvation's motion for settlement approval. As characterized by appellants: the court "rejected [Salvation's proposed s]ettlement due to [the court's] concern about the fairness of the settlement to the *absent* members" of the LLC.

---

[1] Appellants specify the following defendants: Alexander Philips, Michael Meyer, TwinRock Holdings, LLC, TwinRock Partners, LLC, Mo Azzurri, LLC, TRP Management Murrayfield, LLC, TRP Management Azzurri, LLC, TRP Management VIII, LLC, and TwinRock Management, Inc. Philips was the chief executive officer of TwinRock Partners, and a manager of TwinRock Partners, TwinRock Holdings, TRP Management Murrayfield, and TwinRock Management. Meyer was the chairman of TwinRock Partners, and a manager of TwinRock Partners, TwinRock Holdings, TRP Management Murrayfield, and TwinRock Management. The defendants' precise relationships to the LLC and other parties are immaterial to our disposition.

[2] The two other respondents in this matter are Trenton Rhodes and California Anchor Consulting, Inc.

Around the same timeframe as their objections to Salvation's proposed settlement, appellants sought and were granted leave to file a complaint in intervention. Their operative second amended complaint in intervention alleged 18 derivative causes of action and two direct causes of action.

II.

THE DENIAL OF APPELLANTS' MOTION TO DISMISS PURSUANT TO SETTLEMENT

In 2023, it was appellants who sought the trial court's approval of a settlement, by filing a motion to dismiss their second amended complaint in intervention pursuant to a settlement agreement reached with most of the defendants listed above. The agreement stated that appellants had collectively invested $550,000 into the LLC and would receive the same amount as a settlement payment if the trial court granted their motion.

Appellants argued, inter alia, that their proposed settlement should be approved because their derivative causes of action would be dismissed without prejudice, meaning other LLC members could continue to pursue such claims after appellants' exit from litigation. Some of the parties, including West Coast, opposed the settlement. The grounds for objection are immaterial to our disposition.

The trial court denied, without prejudice, appellants' motion to dismiss (the denial ruling). The court specified its concerns about three aspects of appellants' request for settlement approval: (1) appellants' "failure to provide any analysis of their derivative claims"; (2) "alleged conflicts of interests [between the LLC] and TwinRock's counsel and whether counsel was under the control of TwinRock, Meyer, and Philips"; and (3) appellants' "status with regard[] to" the LLC, because of allegations that appellants' memberships in the LLC had been involuntarily withdrawn. Appellants

4

promptly filed a notice of appeal as well as a petition for writ of mandate asserting the same challenge to the denial ruling. The writ petition was denied in May 2024.

## DISCUSSION

Appellants contend the trial court erred as a matter of law or, in the alternative, abused its discretion by concluding that the terms of appellants' proposed settlement were not fair to others. Appellants emphasize that because they sought to dismiss their derivative causes of action without prejudice, it was erroneous for the court to deny their wish to exit litigation.

In contrast to litigation based solely on direct causes of action (Code Civ. Proc., § 581, subds. (b)(1) & (2)),[3] voluntary dismissal of a derivative cause of action is not available as a matter of right (*Ensher v. Ensher, Alexander & Barsoom* (1960) 187 Cal.App.2d 407). Instead, "plaintiffs [of derivative causes of action] have no power to settle or compromise the [represented entity]'s action absent court approval." (*Gaillard v. Natomas Co.* (1985) 173 Cal.App.3d 410, 419, disapproved of on other grounds by *Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1119, fn. 16; see *PacLink Communications Internat., Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 963 [principles of derivative actions for corporations apply to limited liability companies].)

## I.

### APPEALABILITY

In addition to demonstrating trial court error, an appellant must also establish appealability. (*Griset v. Fair Political Practices Com.* (2001)

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

5

25 Cal.4th 688, 696.) The baseline principle of appealability is the one final judgment rule, which "prohibits review of intermediate rulings by appeal until final resolution of the case." (*Id.* at p. 697.)

Appellants assert two exceptions to the one final judgment rule as alternative grounds for appealability: (1) the collateral order doctrine and (2) the statutory exception for orders on injunctions. For both grounds, appellants attempt to characterize the denial ruling as an order "forc[ing] them] to pursue [derivative] claims on behalf of [the LLC]."

At the outset, we are not persuaded that the denial ruling compels the performance of any particular act, most critically because the denial ruling was without prejudice. (See *Aleman v. Airtouch Cellular* (2012) 209 Cal.App.4th 556, 586 [denial of class certification "without prejudice" not appealable under death knell doctrine because plaintiffs were "free to move for class certification again"].) We reject appellants' assertions that their ability to "file a renewed request for dismissal is irrelevant" and that "the results of the [denial ruling] cannot subsequently be undone or reversed."

*A. Collateral Order Doctrine*

The collateral order doctrine "allows an appeal to be taken '[w]hen a court renders an interlocutory order collateral to the main issue [of the case], dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act.' [Citation.]" (*Longobardo v. Avco Corp.* (2023) 93 Cal.App.5th 429, 432, quoting *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.) The denial ruling's lack of an order directing any particular action bears directly on appellants' attempt to rely on the doctrine.

Setting aside the question of whether the denial ruling can even be categorized as covering a collateral matter, appellants' claim to the

6

collateral order doctrine fails because the ruling does not direct a party to perform a particular act. The doctrine does not provide a basis for appealability.

*B. Orders Regarding Injunctions*

We are also not persuaded by appellants' invitation to treat the denial ruling as an injunction order made appealable by section 904.1, subdivision (a)(6) ["an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction" is appealable]. The Code of Civil Procedure defines an "injunction" as a prohibitory injunction—i.e., "a writ or order requiring a person to refrain from a particular act" (§ 525)—but case law broadens the definition to include mandatory injunctions, which are orders that compel a party to perform a particular act (*Daly v. San Bernardino County Bd. of Supervisors* (2021) 11 Cal.5th 1030, 1040, fn. 5).

Appellants argue the denial ruling should be construed as an appealable order granting a mandatory injunction. The argument is unpersuasive on two levels. First, as noted, the ruling did not force any particular act to be performed by appellants.

Second, even assuming arguendo that the denial ruling can be construed as compelling action, appellants do not provide any meaningful discussion of case law they cite to for appealable injunction orders. For example, appellants provide no discussion for their citation to *URS Corp. v. Atkinson/Walsh Joint Venture* (2017) 15 Cal.App.5th 872, which focused solely on a disqualification of counsel issue and the scope of automatic stays pending an appeal from an appealable order. (*Id.* at pp. 876-877.) Facially, the case provides no support for appellants' view on appealability.

Appellants also do not discuss their citation to *Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640 (*Art Movers*). The appellate court there

7

held that an order—which granted summary adjudication against a cause of action seeking a permanent mandatory injunction to clean up chemical contamination (*id.* at p. 644)—was *not* appealable under the predecessor of section 904.1, subdivision (a)(6), even though the order fit the facial language of the subdivision.[4] The holding was based on a distinction between requests for provisional (or "pendente lite") injunctions versus requests for permanent injunctions. (*Art Movers*, at pp. 645, fn. 4, 646.) The appellate court agreed with case law that "limited the applicability of . . . section 904.1, subdivision (f) and its predecessor to pendente lite injunctions and . . . refused to find interlocutory orders denying permanent injunctions to be appealable, except from a final judgment." (*Id.* at p. 647.)

*Art Movers* was cited with approval on a tangential ground in *County of San Diego v. State of California* (1997) 15 Cal.4th 68, 110, reinforcing that the provisional versus permanent nature of an injunctive order is what primarily governs appealability under section 904.1, subdivision (a)(6). So even assuming arguendo that the denial ruling could be interpreted as a mandatory injunction, appellants would fail to carry their burden because they provide no analysis about how the ruling granted a provisional rather than permanent injunction.

Appellants have failed to demonstrate the applicability of an exception to the one final judgment rule. Accordingly, we dismiss this matter as based on a nonappealable order. (*Griset v. Fair Political Practices Com., supra,* 25 Cal.4th at p. 696.)

---

[4] At the time of *Art Movers*, former section 904.1, subdivision (f) contained the same language, verbatim, as currently codified: "an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction" is appealable. (§ 904.1, subd. (a)(6).)

## DISPOSITION

This appeal is dismissed. Respondents are entitled to recover their costs on appeal.


O'LEARY, P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.